3. The Commissioner disallowed all of the deductions above set forth on the ground that the estate had failed to comply with the provisions of section 403(b)(3) of the Revenue Act of 1921, and had failed to file a certified copy of the inventory filed with the court of probate jurisdiction in England. After the filing of the deficiency letter, the taxpayer filed with the Commissioner a certified copy of the inventory filed with the court of probate in England.

4. In its petition on appeal the taxpayer asserts error on the part of the Commissioner in refusing to allow deduction of $7,376.42 of the $8,609.33 scheduled in paragraph two of the findings. In his answer the Commissioner admits that the taxpayer has "satisfactorily met the requirements of section 403(b)(3) of the Revenue Act of 1921, and that as a result of all the evidence and facts found in the case, the aggregate amount of $5,248.10 became allowable as a deduction,, from the decedent's gross estate situated within the United States."

DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision of the Board will be settled on consent or on ten days' notice.

OPINION.

GRAUPNER: Immediately following the presentation of the stipulation, counsel for the taxpayer moved to allow the deduction of the sum of $5,248.10, admitted by the Commissioner in his answer. This motion was granted. Counsel for the taxpayer then made a motion that it be allowed the remainder of $2,128.32, being the difference between the $5,248.10 allowed and the $7,376.42 claimed, on the ground of the admission contained in the answer that the taxpayer had satisfactorily met the requirements of section 403(b)(3) of the Revenue Act of 1921. The second motion was taken under advisement. After the submission of the motion, argument was made by counsel. The facts submitted for the consideration of the Board do not permit a segregation of the items of account or an understanding of the allocation by the Commissioner of the amount conceded or of the amount contained in the taxpayer's motion which we are here considering. Because the facts before the Board are insufficient to permit an adequate comprehension of the contentions of the taxpayer, the motion is hereby denied. The tax will be recomputed upon the allowance to the taxpayer of the deduction of $5,248.10.

---

Appeal of C. & J. DIEBEL LAND CO.        Docket No. 1391.

Submitted March 31, 1925; decided April 27, 1925.

*James F. Lyden, Esq.*, for the taxpayer.

*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from deficiencies in income and profits taxes for the years 1919 and 1921 in the amounts of $350.51 and $172.44, re-

spectively. The only question involved is the valuation for invested capital purposes of land transferred to the corporation in 1911 for $67,200 capital stock. The Commissioner has allowed a value of $154,315.20 for the land, whereas the taxpayer claims a greater value for it. From the oral and documentary evidence introduced the Board makes the following

### FINDINGS OF FACT.

The taxpayer was organized on January 25, 1911, under the laws of the State of Ohio, with an authorized capital stock of $67,200, which stock was issued in full payment for a parcel of real estate situated in the City of Youngstown, Ohio, at the corner of West Federal and Hazel Streets. When the books of account of the corporation were opened in 1912, the real estate was set up at a value of $360,000, and a paid-in surplus was claimed in the taxpayer's profits-tax returns for the years 1919 and 1921 by virtue of the excess of the claimed value of the real estate when acquired in 1911 over the capital stock issued therefor. In the audit of the taxpayer's profits-tax returns for the tax years in question, the Commissioner has allowed a value for the real estate of $154,315.20. This value was based upon information contained in two revenue agents' reports. In the first report the revenue agent found that the land in question had been assessed for local taxing purposes in 1911 in the amount of $128,596, and that this figure was intended to represent 80 per cent of the true value. In the subsequent revenue agent's report the examining officer made a study of sales of land in the immediate vicinity and arrived at the conclusion that the first officer's finding of a value of $154,315.20 should not be disturbed.

At the hearing there was introduced in evidence a certified copy of a page of the local assessment records of the City of Youngstown, upon which page appeared the description of the property here in question and columnar entries showing that the assessor's original figures of valuation of $128,596 were raised by the Board of Equalization of the county to $149,806, and the taxpayer presented the claim that the increased valuation of $149,806 should be treated as 80 per cent of the true value of the property.

### DECISION.

The determination of the Commissioner is approved.

---

## Appeal of FARMERS' FUEL CO.     Docket No. 210.

Submitted February 7, 1925; decided April 27, 1925.

*R. N. Miller, Esq., J. J. Miller, C. P. A., Edward McCarthy, Esq.*, and *H. A. Mihills, C. P. A.*, for the taxpayer.

*J. B. Milliken, Esq.*, and *Percy S. Crewe, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal is from a determination by the Commissioner of a deficiency in income and profits taxes for the year 1920, and involves